# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

JOHANNA PIÑERO OCANA, et al,
  Plaintiffs,

v.

Civil No. 97-1332 (HL)

U.S.A., et al,
  Defendants.

## OPINION AND ORDER

Before the Court is a motion for summary judgment[1] by Defendant United States of

America.  Plaintiffs bring this claim under the Federal Tort Claims Act ("FTCA").[2]

Plaintiffs are Johanna Piñero Ocana and her parents.  They bring this action for conduct by

Jesús Soto, who is also a defendant.  At the time of the alleged incident in question, Soto

was a recruiter for the United States Army at Fort Buchanan.  Piñero enlisted in the Army

and dealt with Soto during her recruitment.

The Court reviews the record in the light most favorable to Plaintiffs and draws all

reasonable inferences in their favor.  *See LeBlanc v. Great American Ins. Co.*, 6 F.3d 836,

841 (1st Cir. 1993).  While she was a senior in high school, Piñero contacted the Army's

recruiting office in Bayamón to discuss her enlisting in the Army Reserves.  In the course

of the enlistment process, she called or visited the office on a number of occasions.  Often,

---

[1] Defendant's motion was filed as a motion to dismiss.  In a supplement to its motion, Defendant included documentary evidence.  *See* docket no. 18.  Plaintiffs then moved to have the motion treated as one for summary judgment, *see* Fed. R. Civ. P. 12(b), and the Court granted the motion.  *See* docket no. 26.

[2] 28 U.S.C.A. § 1346(b) (West 1993 & Supp. 2000) & §§ 2671 - 2680 (West 1994).



AO 72A
(Rev.8/82)

Civil No. 97-1332 (HL)                          2

she dealt with Soto. On July 11, 1994, she went in to the office to fill out some forms.
After she filled out the forms, Soto gave her a ride to her home in Cataño. Instead of going
straight to her home, however, Soto drove Piñero to a park where he raped her. He then
took her home. For the next few days, Soto would call Piñero, but she did not return his
calls. On July 15, 1994, Piñero went to Tennessee, where she enrolled in a college and
enlisted in the Army Reserves.[3] She did not report the incident until January 1995, while
at a training in Fort Jackson, South Carolina.[4] In its motion, Defendant claims that Soto
was subsequently court martialed and tried for the offenses of rape, adultery, wrongful
appropriation of a vehicle, and violation of regulations prohibiting sexual relations with a
recruit. He was found guilty of adultery, but not guilty of rape. He plead guilty to the
other charges.[5]

    In its motion, Defendant argues that Plaintiffs' complaint is time-barred, that Soto
was acting outside the scope of his employment, that the intentional tort exception
precludes this claim, and that Defendant cannot be liable because the rape was not
foreseeable. Plaintiffs have opposed the motion for summary judgment. For the reasons
set forth below, the Court grants the motion for summary judgment.

---

[3] Docket no. 5, exhibit I.

[4] Docket no. 10, Affidavit of Johanna Piñero Ocana.

[5] Docket no. 5, at 2.

Civil No. 97-1332 (HL)                    3

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting any facts that demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(e); *LeBlanc*, 6 F.3d at 841. The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). An issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512.

At the outset, it is necessary for the Court to delineate the scope of Plaintiffs' claim. First, Plaintiffs name Soto, his wife, and their conjugal partnership as defendants. However, the only proper defendant in a claim under the FTCA is the United States of America. *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Soto v. Runyon*, 13 F.Supp.2d 215, 224 (D.P.R. 1998). Therefore, the Court

Civil No. 97-1332 (HL)                    4

dismisses the claims against these defendants.[6]

Second, Plaintiffs appear to allege that the United States is liable for Soto's acts.
However, the FTCA has an exception for claims for assaults or batteries; the United States'
sovereign immunity is not waived for such claims. 28 U.S.C.A. § 2680(h) (West 1994);
*United States v. Shearer*, 473 U.S. 52, 54-55, 105 S.Ct. 3039, 3041, 87 L.Ed.2d 38 (1985);
*Gess v. United States*, 952 F.Supp. 1529, 1550 n.28 (M.D.Ala. 1996). Thus, the United
States may not be held vicariously liable for Soto's attack upon Piñero, and the Court
dismisses this part of Plaintiffs' claim.

Plaintiffs also claim that the United States was negligent in the training or
supervising of Soto. Under the FTCA, the Government may be liable for a plaintiff's
injury from an assault by a federal employee if the Government was somehow negligent in
allowing the assault to occur. *Sheridan v. United States*, 487 U.S. 392, 398-403, 108 S.Ct.
2449, 2454-56, 101 L.Ed.2d 352 (1988). Plaintiffs may have a claim against the
Government under this theory if they can show that negligence by other Army officials
caused or allowed the attack on Piñero to occur.

Courts have wrestled with the scope of the Supreme Court's holding in *Sheridan*
*vis-à-vis* the assault exception of section 2680(h). *See Bembenista v. United States*, 866
F.2d 493, 497-99 (D.C.Cir. 1989); *Gess*, 952 F.Supp. at 1550-51 & n.28; *Miami North v.*

---

[6] Plaintiffs also seem to making a claim personally against Soto for negligence. The
Court has no jurisdiction over such a claim. Therefore, the Court will dismiss the FTCA
claim against him and his wife with prejudice and dismiss without prejudice any other
claim against Soto.

Civil No. 97-1332 (HL)                          5

*United States Dep't of Labor*, 939 F.Supp. 53, 54-56 (D.Me. 1996); *Pottle v. United States*, 918 F.Supp. 843, 846-50 (D.N.J. 1996); *Mulloy v. United States*, 884 F.Supp. 622, 626-31 (D.Mass. 1995). In the present case, the Court need not enter into this jurisprudential thicket for the following reason: even under an expansive reading of *Sheridan*, the record does not contain evidence to establish the Government's negligence. In an FTCA claim, the Government's liability is determined based on the law of the state where the violation is alleged to have occurred. *Franco de Jerez v. Burgos*, 947 F.2d 527, 528 (1st Cir. 1991); *Rivera Otero v. United States*, 789 F.Supp. 483, 487 (D.P.R. 1990). Under Puerto Rico's negligence statute, the plaintiff must show that her injury was reasonably foreseeable. *Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 124 F.3d 47, 50-51 (1st Cir. 1997); *Elba A.B.M. v. U.P.R.*, 125 P.R.Dec. 294, 310 (1990); *see also Mulloy*, 884 F.Supp. at 631 (Government liability for assaults by federal employees will exist only when the government acted in a way which placed the victim in foreseeable danger) (citing cases).

The record in the present case contains no evidence that Piñero's injury was foreseeable. Defendant has submitted the sworn declarations of two of Soto's supervisors in which they aver that they had no knowledge of any prior misconduct by him.[7] Two other supervisors who testified at his court martial hearing stated that they never had problems with him.[8] There are also declarations from three other officers stating that Soto

---

[7] Docket no. 18, exhibits A & B.

[8] Docket no. 18, exhibit E, at 610 & exhibit F, at 729-30.

Civil No. 97-1332 (HL)                    6

had no disciplinary problems in his record prior to the incident in this case.[9]  Plaintiff has

adduced no evidence to show that something in Soto's record made his rape of Piñero

foreseeable.  Plaintiff has also failed to adduce any evidence to indicate that the Army was

negligent in its supervision or training of Soto.[10]  There is no evidence on which to base a

finding of liability by the United States.  Thus, there is no genuine issue of material fact,

and the motion for summary judgment is hereby granted.[11]

       In making its ruling, the Court does not mean to downplay the significance of

Plaintiffs' allegations.  Certainly, rape is a serious matter.  However, under section

2680(h), Plaintiffs do not have a claim under the FTCA for Soto's conduct.  Rather, their

claim must be limited to any foreseeable harm or negligence in the supervision or training

of Soto.  Because there is no evidence of such foreseeability or negligence, the Court must

dismiss this claim.

       WHEREFORE, the Court grants Defendant's motion for summary judgment

(docket nos. 5 & 18) and dismisses this claim.  All FTCA claims shall be dismissed with

prejudice.  Any other claim Plaintiffs may have against Soto shall be dismissed without

_____

       [9] Docket no. 18, exhibits G, H, & I.

       [10] Plaintiffs requested a number of extensions to conduct discovery and to file a
response to the Government's supplementary motion.  The Court granted these extensions.
*See* docket nos. 28, 35, 37, 39.  The last extension was until September 20, 2000.
Plaintiffs did not file anything by this deadline.

       [11] Because the Court grants the Government's motion on the grounds that there is no
evidence of Government negligence and no evidence that Piñero's injury was foreseeable,
it does not address the other arguments that the Government raised in its motion.

prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 29, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge