UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOHANNA PIÑERO OCANA, et al,
   Plaintiffs,

v.

U.S.A., et al,
   Defendants.

Civil No. 97-1332 (HL)

**ORDER**

Before the Court is Plaintiffs' motion for reconsideration of the Court's opinion and order granting summary judgment on behalf of Defendant United States of America. Plaintiffs bring this claim under the Federal Tort Claims Act ("FTCA").[1] Plaintiffs are Johanna Piñero Ocana ("Piñero") and her parents. They bring this action based on the alleged rape by Jesús Soto, a United States Army recruiter, of Piñero. In its opinion and order, the Court ruled that the only FTCA claim that Plaintiffs could bring was one based on a theory that the Government had been negligent in allowing Soto's alleged attack of Piñero to occur. The Court further ruled that there was no evidence in the record to support a finding that Piñero's injury was foreseeable and that therefore there was no evidence to support a negligence claim.[2] After the Court entered judgment, Plaintiffs filed a belated opposition and moved the Court for reconsideration.[3]

A motion for reconsideration of an order which has granted summary judgment

---

[1] 28 U.S.C.A. § 1346(b) (West 1993 & Supp. 2001) & §§ 2671 - 2680 (West 1994).

[2] Docket no. 40.

[3] Docket no. 42.




Civil No. 97-1332 (HL)                                    2

should be treated as a Rule 59(e) motion. *Nat'l Union Fire Ins. v. Midland Bancor, Inc.*, 869 F.Supp. 880, 883 (D.Kan. 1994); *see also Standard Quimica de Venezuela v. Central Hispano*, 189 F.R.D. 202, 204-05 (D.P.R. 1999). The Court will treat Plaintiffs' motion as being brought pursuant to Rule 59(e). A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v. Crespin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)); *Nat'l Metal Finishing Co. v. BarclaysAmerican*, 899 F.2d 119, 124 & n.2 (1st Cir. 1990). Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *BarclaysAmerican*, 899 F.2d at 124 n.2. Rule 59 may not be used to present arguments or evidence which could have and should have been presented before judgment was entered, but were not. *Aybar*, 118 F.3d at 16; *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

In the present case, Plaintiffs' motion for reconsideration contains a number of exhibits. Plaintiffs do not explain why this evidence could not have been presented before the Court entered judgment. Even if the Court were to consider this evidence, however, it is insufficient to create a genuine issue of fact as to whether the conduct of other Army officials constituted negligence which caused or allowed the attack on Piñero to occur. Accordingly, the Court denies the motion for reconsideration.

The Court does add two points. First, Plaintiffs in their motion for reconsideration argue that they are also bringing a claim for a violation of Title VII of the Civil Rights Act

Civil No. 97-1332 (HL)                              3

of 1964.[4] The Court does not read their complaint to make out such a claim. At any rate, even if they did make out such a claim, they have not plead, and there is no indication, that they ever filed a Title VII administrative claim, as required before bringing a cause of action against the federal government. *See Roman-Martinez v. Runyon*, 100 F.3d 213, 216-17 (1st Cir. 1996).

Second, the Court notes that Plaintiffs are not without a remedy. Because Plaintiffs could not bring a FTCA claim against Soto individually, the Court dismissed their claims against him.[5] The Court also dismissed any non-FTCA claims against Soto without prejudice, and Plaintiffs may have a claim against him in his individual capacity.

WHEREFORE, the Court denies the motion for reconsideration (docket no. 42). An amended judgment shall be entered accordingly. *See Puerto Rico Aqueduct and Sewer Authority v. Constructora Lluch*, 169 F.3d 68, 74-76 (1st Cir. 1999) (Requiring that a separate judgment be issued after a court resolves a post-judgment motion).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 9, 2001.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[4] 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 2001).

[5] Docket no. 41 & 42.